846 F.2d 69
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Patricia E. ANDERSON, Plaintiff-Appellant,
v.
U.S. DEPARTMENT OF COMMERCE, BUREAU OF THE CENSUS, Defendant-Appellee.
 No. 87-2598.
 United States Court of Appeals, Fourth Circuit.
 Argued March 9, 1988.
Decided April 19, 1988.
 
 Keith A. Rosenberg (Joyce N. Fitch, Whiteford, Taylor & Preston on brief) for appellant.
 Jon Pearson, Office of General Counsel, U.S. Department of Commerce (Breckinridge L. Willcox, United States Attorney, Charles P. Scheeler, Assistant United States Attorney on brief) for appellee.
 Before MURNAGHAN, CHAPMAN, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Patricia Anderson, an employee of the Bureau of the Census, Department of Commerce, applied for a promotion to Assistant Regional Director, Kansas City Region, when the vacancy was advertised in 1980. Anderson was listed by the Bureau on its Preliminary Promotion List as "highly qualified," but the selecting officials chose Stephen Mann, who had also been rated "highly qualified," for the position. Anderson brought suit under the Civil Rights Act of 1964, alleging sex discrimination.
 
 
 2
 The district court found that Anderson had made out a prima facie case. It went on to find, however, that differences in Mann's and Anderson's Regional Office experience and supervisory experience constituted legitimate, nondiscriminatory reasons for the Bureau's choice. The district court found that the Bureau could have concluded that Mann had more relevant Regional Office experience than Anderson, and held that although Anderson had been a supervisor for a longer period than Mann, it was reasonable to presume that Mann's more recent experience in supervising a greater number of people could be preferred over Anderson's experience.
 
 
 3
 Because the district court found the reasons proffered by the Bureau to be legitimate and nondiscriminatory, the burden to prove them pretextual shifted to Anderson. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 804-05 (1973). Anderson argued that pretext was shown by the fact that the Bureau had failed to follow applicable regulations in considering her application and had understated her education while overstating Mann's. She also contended that the Bureau's use of "subjective" criteria, including her alleged lack of tact, demonstrated pretext.
 
 
 4
 The district court found that these allegations were insufficient to carry plaintiff's ultimate burden of proof. It found that there was evidence that the selecting officials had failed to follow regulations in reviewing the applications of all of the candidates for the position, not just Anderson's. It found that inaccuracies in education scores did not show discrimination because both Mann and Anderson could have qualified for the position after their education scores were corrected. It also found that the Bureau's arguments that Anderson lacked tact appeared to be a "hindsight excuse to help rationalize" the Bureau's decision, but held that they did not show discrimination. The district court's findings of fact are due great deference on appeal. Anderson v. City of Bessemer City, 470 U.S. 564 (1985). Those findings are not clearly erroneous, and the judgment of the district court is therefore
 
 
 5
 AFFIRMED.